**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Paul D. Leake (*pro hac vice* pending)
Shana A. Elberg (*pro hac vice* pending)
Moshe S. Jacob (*pro hac vice* pending)
Bram A. Strochlic (*pro hac vice* pending)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Paul.Leake@skadden.com
Shana.Elberg@skadden.com
Moshe.Jacob@skadden.com
Bram.Strochlic@skadden.com

– and –

James J. Mazza, Jr. (*pro hac vice* pending)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411
James.Mazza@skadden.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Daniel F.X. Geoghan
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dgeoghan@coleschotz.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>FIHPNP LLC,<br><br>Debtor.[1]<br><br>Fed. Tax Id. No. N/A | Chapter 11<br><br>Case No. 26-20876 (MEH) |

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Brightline. The location of Debtor FIHPNP LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 350 NW 1st Ave, Suite 200, Miami, FL 33128.

| | |
|---|---|
| In re:<br><br>FIHP LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 20-4427296 | Chapter 11<br><br>Case No. 26-20885 (MEH) |
| In re:<br><br>FIHPNPNJ LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 42-5030802 | Chapter 11<br><br>Case No. 26-20872 (MEH) |
| In re:<br><br>AAF JACKSONVILLE SEGMENT LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. N/A | Chapter 11<br><br>Case No. 26-20878 (MEH) |
| In re:<br><br>BL FLORIDA LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 88-2666071 | Chapter 11<br><br>Case No. 26-20888 (MEH) |
| In re:<br><br>BLH INVESTMENT LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 93-3429987 | Chapter 11<br><br>Case No. 26-20887 (MEH) |
| In re:<br><br>BLTF HOLDINGS LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 93-4345369 | Chapter 11<br><br>Case No. 26-20877 (MEH) |

| | |
|---|---|
| In re:<br><br>BREVARD FGT LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. N/A | Chapter 11<br><br>Case No. 26-20879 (MEH) |
| In re:<br><br>BRIGHTLINE EAST LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 93-4303843 | Chapter 11<br><br>Case No. 26-20873 (MEH) |
| In re:<br><br>BRIGHTLINE HOLDINGS LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 36-4893027 | Chapter 11<br><br>Case No. 26-20874 (MEH) |
| In re:<br><br>BRIGHTLINE MANAGEMENT LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 36-4882476 | Chapter 11<br><br>Case No. 26-20875 (MEH) |
| In re:<br><br>BRIGHTLINE PROPERTY HOLDINGS LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. N/A | Chapter 11<br><br>Case No. 26-20880 (MEH) |
| In re:<br><br>DT MIAMI LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 37-1848359 | Chapter 11<br><br>Case No. 26-20881 (MEH) |

| | |
|---|---|
| In re:<br><br>FLAGLER MANAGEMENT LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 38-4105475 | Chapter 11<br><br>Case No. 26-20882 (MEH) |
| In re:<br><br>FLAGLER MANAGEMENT WEST LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 38-4104144 | Chapter 11<br><br>Case No. 26-20883 (MEH) |
| In re:<br><br>FLORIDA INVESTMENT HOLDINGS LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. N/A | Chapter 11<br><br>Case No. 26-20886 (MEH) |
| In re:<br><br>NEW FLAGLER DEVELOPMENT LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. N/A | Chapter 11<br><br>Case No. 26-20884 (MEH) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING THE JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors" and, together with certain of their direct and indirect wholly-owned and controlled non-debtor affiliates, the "Company") state as follows in support of this motion (the "Motion"):[2]

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Patrick Goddard in Support of Chapter 11 Petitions and First Day Papers* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") (i) directing joint administration of the Chapter 11 Cases and the consolidation thereof for procedural purposes only and (ii) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1002-2(c) and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

5. On September 24, 2026 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors are authorized to continue to operate their businesses and manage their assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

8. Additional information regarding the Debtors, including their business, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the First Day Declaration filed contemporaneously herewith and incorporated herein by reference.

## **BASIS FOR RELIEF**

9. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Here, in these Chapter 11 Cases, the seventeen (17) Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court may grant the relief requested herein.

10. The First Day Declaration establishes that joint administration is warranted here in view of the benefits it will afford to the Court, the Debtors, and all parties in interest. The Debtors' financial affairs and business operations are closely related. Many of the motions, hearings, and orders in the Chapter 11 Cases will affect multiple Debtors and their respective estates. Joint administration of these cases will avoid the unnecessary time and expense of duplicative motions, applications, orders, and other papers and related notices that otherwise would need to be filed in all of the cases absent joint administration. Further, joint administration will not adversely affect the Debtors' respective stakeholders because this Motion seeks only administrative and procedural consolidation, and not substantive consolidation of the Debtors' estates. Each creditor and other party-in-interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Thus, the Debtors submit

that joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all parties in interest.

11. Moreover, the joint administration of the Chapter 11 Cases will permit the Clerk of the Court (the "Clerk") to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Joint administration will therefore ease the burden on the United States Trustee (the "U.S. Trustee") in supervising the Chapter 11 Cases.

12. Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' tax identification numbers, addresses, and previous names, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions for the respective Debtors and such petitions are publicly available, including on the restructuring website maintained by the Debtors that is free to access, and will be provided by the Debtors upon request. Therefore, the Debtors submit the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.

13. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **FIHPNP LLC, *et al.*,** | **Case No. 26-20876 (MEH)** |
| **Debtors.**[1] | **Jointly Administered** |

14. Debtors further request the Court's direction that a notation substantially similar to the following language be entered on the docket maintained by the Clerk to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of FIHPNP LLC and its affiliated debtors. All further pleadings and papers shall be filed in, and all further docket entries shall be made in, the docket of FIHPNP LLC, Case No. 26-20876 (MEH), and that docket should be consulted for all matters affecting these chapter 11 cases.

15. Courts in this District have granted similar relief in other chapter 11 cases. *See, e.g., In re SIMAD Holdings,* Ltd., Case No. 26-16388 (CMG) (Bankr. D.N.J. Jun. 8, 2026) (directing joint administration of chapter 11 cases); *In re FreshRealm, Inc.*, Case No. 26-14656 (MEH) (Bankr. D.N.J. Apr. 29, 2026) (same); *In re Eddie Bauer LLC*, Case No. 26-11422 (SLM) (Bankr. D.N.J. Feb. 10, 2026) (same); *In re STG Logistics, Inc.*, Case No. 26-10258 (MEH) (Bankr. D.N.J. Jan. 14, 2026) (same); *In re United Site Servs., Inc.*, Case No. 25-23630 (MBK) (Bankr. D.N.J. Dec. 30, 2025) (same); *In re Del Monte Foods Corp. II Inc.*, Case No. 25-16984 (MBK) (Bankr. D.N.J. July 2, 2025) (same); *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK) (Bankr. D.N.J. May 7, 2025) (same); *In re Sam Ash Music Corp.*, Case No. 24-14727 (SLM) (Bankr. D.N.J. May 10, 2024) (same); *In re Thrasio Holdings, Inc.*, Case No. 24-11840 (CMG) (Bankr. D.N.J. Mar. 1, 2024) (same); *In re Invitae Corp.*, Case No. 24-11362 (MBK) (Bankr. D.N.J. Feb. 16, 2024) (same); *In re Careismatic Brands, LLC*, Case No. 24-10561 (VFP) (Bankr. D.N.J. Jan. 24, 2024) (same); *In re WeWork Inc.*, Case No. 23-19865 (JKS) (Bankr. D.N.J. Jan. 8, 2024) (same).

16. Additionally, use of the simplified caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

17. Finally, this Motion seeks only administrative and not substantive consolidation of the Debtors' estates. Therefore, the rights of parties in interest will not be prejudiced. Instead, parties in interest will benefit from the reduced costs associated with a jointly administered estate. For these reasons, the Debtors submit that the relief requested is in the best interests of the Debtors, their estates and creditors, and should be granted.

**Notice of Motion**

18. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of New Jersey; (b) counsel to the administrative agent under each of the Debtors' prepetition credit agreements; (c) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (d) Milbank LLP, as counsel to Assured Guaranty Inc.; (e) Herbert Smith Freehills Kramer, as counsel to the Ad Hoc Mutual Fund Group; (f) Davis Polk & Wardwell LLP, as counsel to the Ad Hoc Group of East Noteholders; (g) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis; (h) the Internal Revenue Service; (i) the Florida Development Finance Corporation; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

**No Prior Request**

19. No prior request for the relief sought in this Motion has been made to this Court or any other court.

## <u>CONCLUSION</u>

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other relief as is just and proper under the circumstances.

[*Remainder of Page Intentionally Left Blank]*

Dated: September 25, 2026

*/s/ Michael D. Sirota*

By: **COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Daniel F.X. Geoghan
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dgeoghan@coleschotz.com

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Paul D. Leake (*pro hac vice* pending)
Shana A. Elberg (*pro hac vice* pending)
Moshe S. Jacob (*pro hac vice* pending)
Bram A. Strochlic (*pro hac vice* pending)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Paul.Leake@skadden.com
Shana.Elberg@skadden.com
Moshe.Jacob@skadden.com
Bram.Strochlic@skadden.com

\- and -

James J. Mazza, Jr. (*pro hac vice* pending)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

James.Mazza@skadden.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

# **Exhibit A**

**Proposed Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>FIHPNP LLC,<br><br>Debtor.[1]<br><br>Fed. Tax Id. No. N/A | Chapter 11<br><br>Case No. 26-20876 (MEH) |
| In re:<br><br>FIHP LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 20-4427296 | Chapter 11<br><br>Case No. 26-20885 (MEH) |
| In re:<br><br>FIHPNPNJ LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 42-5030802 | Chapter 11<br><br>Case No. 26-20872 (MEH) |
| In re:<br><br>AAF JACKSONVILLE SEGMENT LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. N/A | Chapter 11<br><br>Case No. 26-20878 (MEH) |

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Brightline. The location of Debtor FIHPNP LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 350 NW 1st Ave, Suite 200, Miami, FL 33128.

| | |
|---|---|
| In re:<br><br>BL FLORIDA LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 88-2666071 | Chapter 11<br><br>Case No. 26-20888 (MEH) |
| In re:<br><br>BLH INVESTMENT LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 93-3429987 | Chapter 11<br><br>Case No. 26-20887 (MEH) |
| In re:<br><br>BLTF HOLDINGS LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 93-4345369 | Chapter 11<br><br>Case No. 26-20877 (MEH) |
| In re:<br><br>BREVARD FGT LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. N/A | Chapter 11<br><br>Case No. 26-20879 (MEH) |
| In re:<br><br>BRIGHTLINE EAST LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 93-4303843 | Chapter 11<br><br>Case No. 26-20873 (MEH) |
| In re:<br><br>BRIGHTLINE HOLDINGS LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 36-4893027 | Chapter 11<br><br>Case No. 26-20874 (MEH) |

| | |
|---|---|
| In re:<br><br>BRIGHTLINE MANAGEMENT LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 36-4882476 | Chapter 11<br><br>Case No. 26-20875 (MEH) |
| In re:<br><br>BRIGHTLINE PROPERTY HOLDINGS LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. N/A | Chapter 11<br><br>Case No. 26-20880 (MEH) |
| In re:<br><br>DT MIAMI LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 37-1848359 | Chapter 11<br><br>Case No. 26-20881 (MEH) |
| In re:<br><br>FLAGLER MANAGEMENT LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 38-4105475 | Chapter 11<br><br>Case No. 26-20882 (MEH) |
| In re:<br><br>FLAGLER MANAGEMENT WEST LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. 38-4104144 | Chapter 11<br><br>Case No. 26-20883 (MEH) |
| In re:<br><br>FLORIDA INVESTMENT HOLDINGS LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. N/A | Chapter 11<br><br>Case No. 26-20886 (MEH) |

| | |
|---|---|
| In re:<br><br>NEW FLAGLER DEVELOPMENT LLC,<br><br>Debtor.<br><br>Fed. Tax Id. No. N/A | Chapter 11<br><br>Case No. 26-20884 (MEH) |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through six (6), is **ORDERED.**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Daniel F.X. Geoghan
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dgeoghan@coleschotz.com

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Paul D. Leake (*pro hac vice* pending)
Shana A. Elberg (*pro hac vice* pending)
Moshe S. Jacob (*pro hac vice* pending)
Bram A. Strochlic (*pro hac vice* pending)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Paul.Leake@skadden.com
Shana.Elberg@skadden.com
Moshe.Jacob@skadden.com
Bram.Strochlic@skadden.com

- and -

James J. Mazza, Jr. (*pro hac vice* pending)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411
James.Mazza@skadden.com

*Proposed Co-Counsel to Debtors and*
*Debtors in Possession*

Upon the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Debtors' Chapter 11 Cases and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors" and, together, with certain of their direct and indirect wholly-owned and controlled non-debtor affiliates, the "Company"), for entry of an order (this "Order") (a) directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

1. The Motion is **GRANTED** as set forth herein.

2. Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The above-captioned cases hereby are jointly administered by this Court for procedural purposes only, with the chapter 11 case of FIHPNP LLC designated as the lead case (the "Lead Case"), and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015.

4. Nothing contained in the Motion, or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

5. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of New Jersey shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

6. All pleadings, papers, and documents filed in the Lead Case shall bear the caption as shown in **Exhibit 1** attached hereto.

7. The caption shown in **Exhibit 1** attached hereto satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

8. All lists, schedules, and statements shall be filed and docketed in the specific Debtor's case to which they are applicable.

9. Any party in interest may request joint hearings on matters pending in any of these Chapter 11 Cases.

| | |
|---|---|
| Debtors: | FIHPNP LLC, *et al*. |
| Case No. | 26-20876 (MEH) |
| Caption of Order: | Order (I) Directing Joint Administration of Debtors' Chapter 11 Cases and (II) Granting Related Relief |

10. If pleadings, papers, or documents have been filed in any of the above-captioned cases other than the Lead Case prior to the entry of this Order, and those matters have not yet been heard and decided, the party who filed the pleading, paper, or document shall (i) refile the pleading, paper, or document in the Lead Case within three (3) business days of the entry of this Order, (ii) set the pleading, paper, or document for hearing before the judge assigned to the Lead Case, and (iii) notice the hearing to all appropriate parties.

11. The Clerk shall file a copy of this Order in the Lead Case and each of the affiliated Debtor cases. A docket entry shall be made in each of the above-captioned Chapter 11 Cases, except the Lead Case, substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of FIHPNP LLC, and its affiliated debtors. All further pleadings and papers shall be filed in, and all further docket entries shall be made in, the docket of FIHPNP LLC, Case No. 26-20876 (MEH), and that docket should be consulted for all matters affecting these chapter 11 cases.

12. The Debtors shall file individual monthly operating reports for each Debtor and such reports shall be docketed in the Lead Case.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

16. The Debtors shall serve by regular mail a copy of this Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

17. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit 1

## Case Caption

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Paul D. Leake (*pro hac vice* pending)
Shana A. Elberg (*pro hac vice* pending)
Moshe S. Jacob (*pro hac vice* pending)
Bram A. Strochlic (*pro hac vice* pending)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Paul.Leake@skadden.com
Shana.Elberg@skadden.com
Moshe.Jacob@skadden.com
Bram.Strochlic@skadden.com

– and –

James J. Mazza, Jr. (*pro hac vice* pending)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411
James.Mazza@skadden.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Daniel F.X. Geoghan
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dgeoghan@coleschotz.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>FIHPNP LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-20876 (MEH)<br><br>(Jointly Administered) |

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Brightline. The location of Debtor FIHPNP LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 350 NW 1st Ave, Suite 200, Miami, FL 33128.